UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON S. JENKINS,

      Plaintiff,                                         Hon. Janet T. Neff

v.                                                      Case No. 1:11 CV 949

JOHN McHUGH,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Defendant's Motion to Dismiss and/or for Summary Judgment. (Dkt. #13). Plaintiff, Aaron Jenkins, is a Captain in the United States Army Reserve who, on September 10, 2006, was issued a Letter of Reprimand (LOR). Captain Jenkins' subsequent efforts to have the LOR removed from his personnel file were unsuccessful, after which he initiated the present action. Defendant, the Honorable John McHugh, Secretary of the Army, now moves for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

**BACKGROUND**

      Plaintiff was deployed to Bosnia Herzegovina from March 2004 to January 2005. Sometime thereafter a female non-commissioned officer (NCO) serving in the Austrian military filed a complaint against Captain Jenkins, accusing him of misrepresenting his marital status and inducing her to engage in sexual relations. The matter was informally investigated by Lt. Col. Len Kachinsky

who concluded that there existed "insufficient evidence" that Jenkins "had an adulterous, sexual or otherwise inappropriate relationship with"[1] the soldier in question or that he "engaged in acts unbecoming an officer and gentleman." (Dkt. #12, Administrative Record at 46-49).

On September 10, 2006, Major General Robert Pollmann issued to Plaintiff a Letter of Reprimand, the relevant portions of which are as follows:

> you engaged in a long-term adulterous and inappropriate relationship with a soldier of lesser rank who is a member of Austria's armed forces. You also made false statements about your marital status that induced this lower ranking soldier to engage in sexual relations with you. While you were married to another woman, you provided this lower ranking soldier an engagement ring and made representations to others that she was your fiancee. Your long-term deception for your selfish physical gratification resulted in inflicting severe anxiety, pain and depression on this soldier. . .As an officer, you failed to lead by example and set a poor example to your subordinates. The material misrepresentations you made during this sexual affair call your integrity into question. Your inability to conform your behavior to acceptable military standards is prejudicial to good order and discipline and will not be tolerated. Your actions have brought discredit upon yourself, this command and the United States Army.

(Dkt. #12, Administrative Record at 41).

Plaintiff responded to the Letter of Reprimand by submitting a statement in which he asserted, in part, the following:

> It was my intention to talk with SSG Stoessl as her friend and confidante. I believe a lot of the confusion was a language issue. She told me about her problems with relationships and I just gave her my opinions. She told me that she didn't have access to e-mail or the ability to contact her friends and family at home and I gave her access to my Beta Email Account to correspond to her family and friends. I didn't realize the consequences that would come of granting her that access. I did not

---

[1] Two things about this initial investigation should, however, be noted. First, Plaintiff declined to speak with Lt. Col. Kachinsky about the matter. Second, as discussed below, Plaintiff concedes that he did, in fact, engage in an inappropriate relationship with the Austrian soldier. Plaintiff continues to deny, however, that the relationship was sexual in nature.

>know that I was not allowed to interact with NCOs of other nations. That fact never came up from my command during the deployment.[2]

(Dkt. #12, Administrative Record at 42).

After reviewing Plaintiff's statement, the Letter of Reprimand imposing authority directed that the Letter of Reprimand be placed in Plaintiff's personnel file. (Dkt. #12, Administrative Record at 36).

Plaintiff subsequently appealed the matter to the Department of the Army Suitability Evaluation Board. In support of his request to have the Letter of Reprimand removed from his personnel file, Plaintiff submitted a statement by SSG Stoessl. (Dkt. #12, Administrative Record at 44). According to SSG Stoessl, she "fabricated" her allegations against Plaintiff because of her "severe depression and medications." SSG Stoessl further asserted that while she "wanted more than a friendship," Plaintiff "was clear about [the two] just being friends." *Id.* Plaintiff's appeal was denied on June 11, 2008, on the ground that he failed to satisfy his burden of demonstrating by "clear and convincing" evidence that the Letter of Reprimand was "untrue or unjust." (Dkt. #12, Administrative Record at 54-57).

Plaintiff subsequently appealed the matter to the Army Board for Correction of Military Records (ABCMR). In denying Plaintiff's appeal, the ABCMR concluded, in part, as follows:

>The applicant has not shown that the LOR is untrue or unjust. He contends that the IG threw his case out; however, he did not provide any corroborating evidence to show that this contention is true. Although an informal AR 15-6 investigation found insufficient evidence that the applicant had engaged in an adulterous, sexual or otherwise inappropriate

---

[2] The Court notes that Army Regulation 600-20 ¶ 4-14 prohibits "intimate or sexual relationships between officers and enlisted personnel." This prohibition "appl[ies] to both relationships between Army personnel. . .and between Army personnel and personnel of other military services." *Id.* Plaintiff's argument that he was unaware that this provision did not apply to a relationship between an officer of the United States Army and an enlisted soldier serving in the armed forces of another country is neither reasonable nor persuasive.

> relationship with a female NCO or that he influenced her to retract her accusations, the LOR imposing authority obviously found sufficient evidence to support of the issuance of an LOR. The commanding general had the discretion to issue the LOR based upon his own consideration of the evidence and it would be imprudent to substitute the judgment of the ABCMR for that of the commanding general when all the specific facts and circumstances are not available for review.
>
> In his rebuttal to the LOR, the applicant indicates that he was a 'friend and confidante' to the female NCO, that he allowed her access to his e-mail account, and that he did not know that he was not allowed to interact with NCOs of other nations. The applicant was surely aware of the Army's policies on socializing/fraternizing with lower enlisted Soldiers and the policy would remain the same with the NCOs from other nations.
>
> In order to justify correction of a military record the applicant must show, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant did not submit any evidence that would satisfy this requirement. Therefore, there is no basis to grant his request.

(Dkt. #12, Administrative Record at 35-39).

Plaintiff later petitioned the ABCMR to reconsider its decision. This request was denied on April 28, 2009, on the ground that Plaintiff had "failed to submit evidence" demonstrating that the Letter of Reprimand "is in error or unjust." (Dkt. #12, Administrative Record at 14-16). On July 23, 2009, again petitioned the ABCMR to reconsider its decision. (Dkt. #12, Administrative Record at 2). Plaintiff's request was denied on November 4, 2009, on the ground that because the ABCMR's April 28, 2009 decision "was the final administrative action taken by the Secretary of the Army," Plaintiff was "not eligible for further reconsideration" of the matter. (Dkt. #12, Administrative Record at 1).

Plaintiff initiated the present action on September 7, 2011, against the Honorable John McHugh, Secretary of the Army. Plaintiff brings this action pursuant to the Administrative Procedures Act, asserting that there existed insufficient evidence to support the issuance of the Letter of Reprimand and, furthermore, that the Letter of Reprimand was issued "by an improper authority." Plaintiff requests

that the Court order the removal of the Letter of Reprimand from his personnel file. Defendant now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v.*

*Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Congress enjoys "plenary constitutional authority over the military" and "perhaps in no other area has the Court accorded Congress greater deference." *Chappell v. Wallace*, 462 U.S. 296, 301-02 (1983). As the *Chappell* Court observed:

> Judges are not given the task of running the Army. The responsibility for setting up channels through which. . .grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Id.* at 301 (quoting *Orloff v. Willoughby*, 345 U.S. 83, 93-94 (1953)).

Accordingly, federal courts can review internal military matters only to the extent expressly authorized by Congress. Pursuant to its plenary authority over internal military matters, Congress has enacted legislation that governs the present dispute.

Federal law provides that a "Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or

remove an injustice." 10 U.S.C. § 1552(a)(1). Except in circumstances not presently applicable, "such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department." 10 U.S.C. §§ 1552(a)(1)-(2). In this respect, the Secretary of the Army acts through the Army Board for Correction of Military Records (ABCMR). *See, e.g., Kight v. United States*, - - - F.Supp.2d - - -, 2012 WL 983148 at *2 (D.D.C., Mar. 23, 2012).

Pursuant to the Administrative Procedures Act (APA), a decision of the ABCMR can be set aside only where such is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Moreover, the Court must "apply an unusually deferential standard when reviewing an action of the ANCMR" as "[m]ilitary boards are entitled to even greater deference than civilian administrative agencies." *Escobedo v. Green*, 602 F.Supp.2d 244, 248 (D.D.C. 2009). This extraordinary degree of deference "is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its areas of competence." *Id.* at 248-49.

Plaintiff must overcome a "strong presumption that the military administrators discharged their duties correctly, lawfully, and in good faith." *Id.* at 249. To rebut this presumption, Plaintiff must demonstrate by "cogent and clearly convincing evidence that the decision was the result of a material legal error or injustice." A decision of the ABCMR survives scrutiny if such "minimally contains a rational connection between the facts found and the choice made." *Id.*

At the outset, it is necessary to clarify the issue before the Court. Plaintiff asserts in his complaint that the Letter of Reprimand was issued by "an improper authority" and, moreover, that there existed insufficient evidence to support the issuance of the Letter of Reprimand. As Defendant correctly observes, however, the question before this Court is not the propriety of the decision to issue the Letter

of Reprimand, but instead whether the decision by the ABCMR not to remove[3] the Letter of Reprimand from Plaintiff's personnel file satisfies the aforementioned standard.

According to Army Regulations, an official document contained in a soldier's personnel file "is presumed to be administratively correct and to have been filed pursuant to an objective decision by competent authority." Army Regulation 600-37 ¶ 7-2(a). Thereafter, "the burden of proof rests with the individual concerned to provide the evidence of a clear and convincing nature that the document is untrue or unjust" justifying its removal. *Id.*

The only evidence Plaintiff submitted to the ABCMR in support of his position was the previously discussed statement from SSG Stoessl in which she claims that she "fabricated" her allegations against Plaintiff. Plaintiff also asserted that the "IG threw his case out." Plaintiff also submitted two letters from two superior officers with whom he had previously worked. (Dkt. #12, Administrative Record at 9-10). While the authors of these two letters speak highly of Plaintiff in general terms, neither letter contains any particularly relevant facts or insight regarding the conduct for which Plaintiff received the Letter of Reprimand.

With respect to Plaintiff's assertion that the "IG threw his case out," the ABCMR concluded that Plaintiff presented no evidence supporting such. This determination is supported by the record and Plaintiff has presented to this Court no evidence to the contrary. To the extent that Plaintiff has interpreted Lt. Col. Kachinsky's findings as constituting having "his case thrown out," the Court notes that Lt. Col. Kachinsky did not terminate the investigation into the matter, but instead merely *recommended* that no punitive action be taken against Plaintiff. Major General Pollmann obviously rejected this recommendation.

---

[3] Significantly, Plaintiff did not move the ABCMR to *modify* the Letter of Reprimand, but to instead *remove* the Letter of Reprimand from his personnel file completely.

Moreover, while Lt. Col. Kachinsky's informal investigation determined that there existed "insufficient evidence" that Plaintiff engaged in inappropriate conduct, such a conclusion must be interpreted in light of the fact that Plaintiff declined to provide a statement to Lt. Col. Kachinsky. As previously noted, when Plaintiff finally did comment on the matter he acknowledged engaging in an inappropriate relationship with SSG Stoessl, but simply argued that the relationship was not sexual in nature. Had Plaintiff offered this admission to Lt. Col. Kachinsky, it is doubtful that he would have reached the same conclusion. As the ABCMR concluded, Plaintiff "was surely aware of the Army's policies on socializing/fraternizing with lower enlisted Soldiers."

As the ABCMR further observed, General Pollmann had the discretion to issue the Letter of Reprimand based on his own evaluation of the evidence. The ABCMR concluded that Plaintiff failed to satisfy his burden of presenting clear and convincing evidence that the Letter of Reprimand was untrue or unjust. Considering Plaintiff's admission that he engaged in an inappropriate relationship with SSG Stoessl and the dearth of relevant evidence Plaintiff submitted in support of his appeal, the Court simply cannot conclude that the decision by the ABCMR was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Again, it must be noted that Plaintiff did not request that the ABCMR modify the Letter of Reprimand to more accurately reflect his alleged versions of events. The Court may very well have viewed this matter differently were Plaintiff challenging a decision to not modify his Letter of Reprimand. Instead, Plaintiff requested that the ABCMR completely remove the Letter of Reprimand from his personnel file, the effect of which would be to essentially exonerate Plaintiff of any wrongdoing in this matter. In light of the present record and the substantial deference which this Court must afford to the decision by the ABCMR, the Court discerns no basis for affording Plaintiff relief.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss and/or for Summary Judgment</u>, (dkt. #13), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                    Respectfully submitted,


Date:  July 12, 2012                    /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge